**Mukhinder Singh SANDHU; Verinder Kaur; Vikramjit Singh, Petitioners,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 02–72885.

Agency Nos. A72–401–099, A75–016–991, A75–016–990.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 5, 2003.*

Decided Dec. 10, 2003.

Earle A. Sylva, Esq., Rai Law & Associates, PC, San Francisco, CA, for Petitioners.

Regional Counsel, Western Region, Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Earle B. Wilson, Office of Immigration Litigation, Civil Division, Department of Justice, Anthony W. Norwood, Esq., DOJ—U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before TASHIMA, THOMAS, and SILVERMAN, Circuit Judges.

---

1. Because the parties are familiar with the facts, we do not recite them here.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

MEMORANDUM **

Mukhinder Singh Sandhu,[1] a native and citizen of India, petitions for review of a decision of the Board of Immigration Appeals, affirming the decision of the Immigration Judge ("IJ"). The IJ denied Sandhu's application for asylum and for restriction on removal and also denied the application of Sandhu's wife, Verinder Kaur, for voluntary departure. We have jurisdiction over the petition for review pursuant to 8 U.S.C. § 1252, and we deny the petition.

The IJ's adverse credibility determination is supported by substantial evidence.[2] See Al–Harbi v. INS, 242 F.3d 882, 888 (9th Cir.2001) (stating that the IJ's adverse credibility finding is reviewed for substantial evidence and therefore must be upheld unless the petitioner demonstrates that "no reasonable factfinder could conclude that he is ineligible for relief from removal"). The IJ relied on numerous inconsistencies in Sandhu's testimony that were material to his claim, and Sandhu has failed to offer any evidence or explanations on appeal sufficient to overturn the IJ's determination. The petition for review is

DENIED.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. The claims of Sandhu's wife, Verinder Kaur, and his son, Vikramjit Singh, are derivative of his claim. See 8 U.S.C. § 1158(b)(3).

2. Because the parties are familiar with the facts, we do not recite them here.